SIGNED this 7th day of November, 2013

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In re:

AUBREY NEASE WHITSON

No. 12-15000
Chapter 13

Debtor.

## MEMORANDUM

The debtor objects to Proof of Claim no. 2 filed by the Internal Revenue Service (IRS) in the total amount of $6,673.37. The debtor specifically objects to that portion of the claim that is reflected as a priority claim for $4,242.00 related to the tax assessed by the IRS on April 16, 2012. The debtor contends that this portion of the claim is based on the IRS's effort to recover an erroneously paid public assistance benefit, not to recover an erroneously refunded tax credit. The court disagrees and finds that the claim is an assessment to recover a tax credit. Because the claim relates to a tax or credit, it should be allowed as a priority expense pursuant to 11 U.S.C. §§ 507(a)(8) and 507(c). Therefore, the court will overrule the objection.

1

The court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 as made applicable to contested matters by Fed. R. Bankr. P. 9014. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(B).

The parties have submitted on stipulated facts the issue of whether the sums itemized in paragraphs 2(b) and (c) of their Joint Stipulations relating solely to debtor's 2008 taxes, and any interest and penalty thereon, is entitled to priority status pursuant to 11 U.S.C. § 507(a)(8) and/or § 507(c).[1] [Doc. No. 61, Joint Stipulations]. The stipulated facts follow.

## I.     Facts

Aubrey Nease Whitson, the debtor in this case, electronically filed Form 1040 for the 2008 tax year on February 2, 2009, and the return was accepted by the IRS Center Philadelphia on February 5, 2009. According to the information provided on Form 1040, attachments and schedules (provided as Exhibit A in the Joint Stipulations), the debtor claimed entitlement to the following sums:

(a) Income tax refund in the amount of $2,662.00;

(b) Earned income credit in the amount of $2,145.00;

(c) Additional child tax credit in the amount of $654.00; and

(d) Recovery rebate credit in the amount of $346.00.

On March 2, 2009 the IRS issued a check in the amount of $5,807.00 to the debtor. After conducting an audit of the debtor's 2008 tax return, the IRS determined that the debtor was not entitled to an earned income or additional child tax credit. On December 1, 2011 the IRS issued a Notice of Deficiency to the debtor, which proposed a tax liability in the total amount of $4,242.00 (excluding interest and penalty) as follows:

---

[1] The debtor has not raised an objection to the treatment of $1,094.56 related to the 2010 Tax Period and $655.86 related to the 2011 Tax Period included in Proof of Claim No. 2 as unsecured priority expenses.

2

    (a) Income tax in the amount of $1,804.00;

    (b) Earned income credit in the amount of $2,038.00;

    (c) Additional child tax credit in the amount of $654.00;

    (d) Less recovery rebate credit of $254.00.

A copy of the Notice of Deficiency was attached as Exhibit B to the Joint Stipulation.

On April 16, 2012 the IRS timely assessed additional tax by examination within three years of the date the return was filed or was due (April 15, 2009) as evidenced by debtor's IRS Account Transcripts for the 2008 year. The Assessment entered by the IRS was made within 240 days of the date the debtor filed her voluntary petition for relief under Chapter 13, Title 11, United States Bankruptcy Code.

## II.    Analysis

There are three components of the claim to which the debtor objects: (a) unpaid income tax, (b) overpayment of the earned income tax credit (EITC), and (c) the overpayment of a child tax credit (CTC). There is no dispute between the parties regarding the income tax. As a claim for income tax in the amount of $1,804.00, it is clearly a claim arising from a tax measured by income, and it is entitled to priority under section 507(a)(8)(A)(ii). The debtor admits as much in her brief. [Doc. No. 62, Brief of Debtor at 5].

The overpayment and recovery of the EITC and the CTC require more analysis because of the case law that describes these credits as public assistance benefits for bankruptcy exemption purposes rather than simply tax credits. The debtor raises a creative argument in her well written brief that the IRS is seeking to recover an improperly paid public assistance benefit rather than erroneously refunded tax credits. The debtor contends that the assessment made in the Notice of Deficiency requires the court to interpret the language of Sections 507(a)(8) and 507(c). The first section provides that:

> (a) The following expenses and claims have priority in the following order: . . .
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
> (ii) assessed within 240 days before the date of the filing of the petition, . . . .

11 U.S.C. § 507(a)(8)(A)(ii). The second provision, subsection (c) of this section, provides that "[f]or purposes of subsection (a) of this section, a claim of a governmental unit arising from an erroneous refund or credit of a tax has the same priority as a claim for the tax to which such refund or credit relates." 11 U.S.C. § 507(c). If the IRS's claim is seeking restitution rather than an assessment for taxes, then the debtor argues that the claim would not be entitled to priority status.

The court begins its analysis of the debtor's argument with a review of the statutes that created the EITC and the CTC. The purpose of the EITC is stated in 26 U.S.C. § 32, which provides:

> (a) Allowance of credit.—
> (1) In general.—In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount. . . .
>
> (c) Definitions and special rules.—For purposes of this section—
> (1) Eligible individual.—
> (A) In general.—The term "eligible individual" means—
> (i) any individual who has a qualifying child for the taxable year, or
> (ii) any other individual who does not have a qualifying child for the taxable year, if—
> (I) such individual's principal place of abode is in the United States for more than one-half of such taxable year,
> (II) such individual (or, if the individual is married, either the individual or the individual's spouse) has attained age 25 but not attained age 65 before the close of the taxable year, and
> (III) such individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer for any taxable year beginning in the same calendar year as such taxable year.

26 U.S.C. § 32(a)(1), (c)(1). The EITC is limited by a taxpayer's earned income up to a certain amount. *See* 26 U.S.C. § 32(a)(2). In describing a CTC, the Internal Revenue Code ("I.R.C.") states, "[t]here shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151 an amount equal to $1,000." 26 U.S.C. § 24. The CTC also contains a refundable portion, the additional child tax credit, allowing a refund of the amount of credit greater than tax liability if a taxpayer has a certain level of income or has three or more qualifying children. *See* 26 U.S.C. § 24(d). The IRS contends that following its audit of the debtor, it discovered that she was entitled to an initial CTC of $1,000, but not the additional child tax credit pursuant to 26 U.S.C. § 24(d) due to her failure to satisfy the income requirements of the additional child tax credit.

Both of these provisions are evidence that the EITC and the CTC are created by the Internal Revenue Code. Both are referred to as tax credits. The size of each is directly related to the income of the individual claiming the credit. In the event that there is more credit than tax due, the credits are "refundable." All of these characteristics are indicative of a tax.

The court acknowledges that these credits do provide assistance to low income taxpayers by reducing the amount of tax due and in some cases even providing a refund where no tax has been paid. Various courts have described the EITC as "an item of social welfare legislation" made effective through income tax laws. *In re Goertz*, 202 B.R. 614, 616 (Bankr. W.D. Mo. 1996) (citing *Hoffman v. Searles*, 445 F.Supp. 749, 753 (D. Conn. 1978), *superseded by statute*, Bankruptcy Code*, as recognized in In re Johnston*, 222 B.R. 552 (B.A.P. 6th Cir. 1998); *In re Brown*, 186 B.R. 224, 226 (Bankr. W.D.Ky. 1995) (exemption case); *In re Davis*, 136 B.R. 203, 205 (Bankr. S.D. Iowa 1991)). *See also In re Murphy*, 99 B.R. 370, 371 (Bankr. S.D. Ohio),

5

*superseded by statute*, Ohio Rev. Code § 2329.66(A)(9)(e), *as recognized in In re Tatum-Charlemagne*, 368 B.R. 654 (Bankr. N.D. Ohio 2006).

In *In re Goertz*, the debtor attempted to claim the EITC as excluded from property of the estate or as exempt as a "local public assistance benefit" under the Missouri exemption statute. 202 B.R. 614, 615-616 (Bankr. W.D. Mo. 1996). The bankruptcy court in *Goertz* noted that "[a]n earned income credit, created by 26 U.S.C. § 32 (1994), is a refundable tax credit provided for low income workers who have dependent children and who maintain a household." 202 B.R. at 616 (citing *In re Davis*, 136 B.R. 203, 205 (Bankr. S.D.Iowa 1991)). The bankruptcy court held that the EITC was not a "local public assistance benefit" for purposes of Missouri's exemption statute. *Goertz*, 202 B.R. at 618.

The Supreme Court has also addressed the reason for the EITC. In *Sorenson v. Secretary,* the Supreme Court analyzed Congress' intent in enacting the EITC. 475 U.S. 851, 863–865 106 S.Ct. 1600 (1986). The Court explained that:

> The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices. Each is an undeniably important objective. It is impossible, however, for us to say that these goals outweigh the goals served by the subsequently enacted tax-intercept program-securing child support from absent parents whenever possible and reducing the number of families on welfare.

475 U.S. 851, 863–865 106 S.Ct. 1600 (1986). In *Sorenson*, the Supreme Court also noted that:

> Unlike certain other credits, which can be used only to off-set tax that would otherwise be owed, the earned-income credit is "refundable." Thus, if an individual's earned-income credit exceeds his tax liability, the excess amount is "considered an overpayment" of tax under § 6401(b), as it then read, of the 1954 Code. Subject to specified setoffs, § 6402(a) directs the Secretary to credit or refund "any overpayment" to the person who made it. An individual who is entitled to an earned-income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount.

6

475 U.S. at 854-55, 106 S. Ct. at 1603-04 (case involved whether EITC overpayment could be offset against child support obligations, the court found it was an overpayment of tax even though it was not a tax that was actually paid and therefore was subject to offset for support). In *Sorenson* the Supreme Court clarified that "[t]he refundability of the earned-income credit is thus inseparable from its classification as an overpayment of tax." *Id.* at 859. *But see Flanery v. Mathison*, 289 B.R. 624 (W.D.Ky. 2003) (discussing *Sorenson* and concluding that finding that EITC is an "overpayment" is not conclusive on whether the EITC is public assistance).

Despite all of the discussion of the reason for the credits, none of these courts have taken the next step that the Debtor asks this court to take. None have found that EITC's effect of providing public assistance changes the fact that it is a tax, or related to a tax, for purposes of priority pursuant to Sections 507(a)(8) and 507(c). As the court in *Flanery* recognized, the EITC's relationship to a tax does not mean that it cannot also be a form of public assistance. The two categories are not mutually exclusive; "[t]he bankruptcy court's insistence that if the EITC is a tax refund it cannot also be public assistance ignores the reality of the statutory scheme and the purposes of the EITC." *Flanery*, 289 B.R. at 628.

The IRS argues that the debtor received an erroneous refund for the EITC and the CTC. As a refund, the credits are related to a tax based on the debtor's income. The court finds the IRS's analysis persuasive. The Agency notes that it has two options in recovering an erroneous refund, a civil action for a recovery of erroneous refunds under 26 U.S.C. § 7405 or use of a notice of deficiency. *See Forrester v. Comm'r*, 80 T.C.M. (CCH) 559, at *2 (2000).

The Internal Revenue Code provides that the IRS may file a civil action to recover an erroneous refund:

7

> **(a) Refunds after limitation period.**—Any portion of a tax imposed by this title, refund of which is erroneously made, within the meaning of section 6514, may be recovered by civil action brought in the name of the United States.
> **(b) Refunds otherwise erroneous.**—Any portion of a tax imposed by this title which has been erroneously refunded . . . may be recovered by civil action brought in the name of the United States.

26 U.S.C. § 7405(a)-(b). The I.R.C. defines a deficiency to mean:

> the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of –
> (1) the sum of
> (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
> (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
> (2) the amount of rebates, as defined in subsection (b)(2), made.

26 U.S.C. § 6211(a). Both the civil action provision and the deficiency provision define deficiencies or erroneous refunds in terms of a "tax" imposed by the title. As the Seventh Circuit noted in *Murray v. Comm'r*, "[t]he deficiency *is the tax imposed by the IRS*, less the tax determined by the taxpayer to be owed on his return." 24 F.3d 901, 903 (7th Cir. 1994) (emphasis added) (citing *Laing v. United States*, 423 U.S. 161, 173-74 (1976)). The IRS issued the debtor a notice of deficiency on December 1, 2011. [Doc. No. 61-2, Ex. B].

In *Forrester* the United States Tax Court examined whether the taxpayer's receipt of an erroneous EITC created a "deficiency in income tax." *Id.* at *1. The taxpayer had claimed an EITC on her tax return, even though she had already received an EITC from her employer. *Id.* The IRS sent the taxpayer a Notice of Proposed Changes proposing to increase her 1988 tax liability to $309 plus interest because "[a]s a result of the erroneous refund, petitioner received duplicate earned income credits, $309 in advance earned income credit and a $394 earned income credit as represented by the IRS refund." *Id.* The IRS sent the taxpayer a "statutory notice of deficiency" that determined a "deficiency in petitioner's taxes in the amount of $309."

8

*Id.* The tax court sustained the IRS's determination of a tax deficiency based on the fact that "a duplicate credit would not have been issued if the petitioner had entered the correct amount of advance earned income credit on the applicable line and had correctly computed her earned income credit." *Id.* Like the taxpayer in *Forrester,* this debtor received an erroneous refund for which the IRS issued a deficiency notice and which it now seeks to collect through the bankruptcy.

In addition to relying on the exemption cases, the debtor also relies on *United States v. Frontone* for support of her position that a mistaken refund of an EITC or a CTC is not a tax. 383 F.3d 656 (7th Cir. 2004). In *Frontone* the Seventh Circuit addressed the question of whether "a claim by the Internal Revenue Service to recover an erroneous refund is dischargeable in bankruptcy even if as a consequence of the refund the debtor underpaid his taxes." *Id.* at 657. The IRS initially determined that the taxpayers had overpaid their taxes, and it mailed them a refund. The Agency then discovered it had made a mistake and issued a supplemental assessment of a deficiency. As the Seventh Circuit explained:

> Rebates are refunds or credits awarded when the IRS determines that the taxpayer owed less than what the return reported as the amount due from him. § 6211(b)(2). If a rebated refund (or credit) is made in error, this may increase the amount of taxes that the recipient of the refund owes, in which event the IRS is entitled to issue a supplemental assessment, as it did here.

*Id.* at 657.

In determining that the taxpayers' tax claim based on the mistaken refund was not discharged in their Chapter 7 proceeding, the Seventh Circuit reviewed two lines of authority relating to erroneous refunds. One line of authority relates to the fact that "a mistaken refund can give rise to a claim that is not a tax claim and so would not enjoy the priority that the Bankruptcy Code gives such claims and would therefore be dischargeable." *Frontone*, 383 F.3d at 660. This

9

line of authority is represented by cases such as *O'Bryant v. United States*, 49 F.3d 340 (7th Cir. 1995) where the taxpayers received a "payment the IRS accidentally sent them." *Id.* at 661 (citing *O'Bryant*, 49 F.3d at 346). In such circumstances, the IRS has a claim of unjust enrichment based on "an accounting error," rather than a claim for failure to pay taxes. *Id.*

The second line of cases relates to the following hypothetical posed by the Seventh Circuit:

> [t]o vary the case slightly, suppose the taxpayer requests a refund on the basis of a deduction and the IRS sends him the requested refund but later discovers that the taxpayer isn't entitled to it. The mistaken refund would still be a rebate because it would have been "made on the ground that the tax imposed by [the Tax Code] was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made," § 6211(b)(2), after the error was noticed.

*Frontone*, 383 F.3d at 661 (citing *United States v. C & R Investments, Inc.*, 404 F.2d 314, 315-16 (10th Cir. 1968)). The Seventh Circuit determined that the taxpayers' case was not like *O'Bryant*, where the mistaken refund related to an IRS accounting error, but rather resembled *C & R Investments*, a case in which the IRS determined that the taxpayer was not entitled to a credit it claimed. Therefore, it held that the claim for the erroneous refund was not discharged in the taxpayers' Chapter 7 case. *Id.* at 662. The court finds the same analysis applies in this case.

### III.    Conclusion

This court concludes that the debtor's EITC and CTC both relate to a tax pursuant to Section 507(c) because they are based on the debtor's erroneous claims of deductions to which she was not entitled. The IRS discovered the debtor's error, not its own accounting or clerical error, due to the audit that it conducted on the debtor's tax return. The debtor was not entitled to the EITC and CTC claimed because her income level was too high for the amounts of those credits she claimed. The IRS issued a deficiency notice and its claim is an effort to collect an erroneously paid refund. Therefore, the court concludes that the EITC and the CTC at issue on

the debtor's 2008 tax returns are taxes or are related to taxes pursuant to 11 U.S.C. §§ 507(a)(8) and 507(c). Therefore, the court will overrule the debtor's objection to the IRS's proof of claim and that portion of the claim at issue is allowed.

    A separate order will enter.

# # #